IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PORFIRIO ALVARADO,<br>TDCJ No. 2026148, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1571-E-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Porfirio Alvarado, a Texas prisoner, convicted of aggravated sexual assault and sentenced to 20 years of imprisonment in Dallas County, previously collaterally attached his state criminal judgment under 28 U.S.C. § 2254, the Court dismissed his petition, and the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. *See Alvarado v. Davis*, No. 3:18-cv-1188-L-BT, 2019 WL 7284401 (N.D. Tex. Nov. 14, 2019), *rec. accepted*, 2019 WL 7283981 (N.D. Tex. Dec. 27, 2019), *C.O.A. denied*, 2021 WL 3370841 (5th Cir. Feb. 25, 2021).

Alvarado returns to federal court to again challenge this judgment. While his filings are made through a form petition for state habeas relief and a motion for consideration addressed to the Texas Court of Criminal Appeals, *see* Dkt. Nos. 3-5, these filings were construed as a petition under Section 2254. And United States District Judge Ada Brown referred the construed Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, because Alvarado's construed Section 2254 petition is unauthorized as successive, the Court should dismiss the application without prejudice under the circumstances here.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Alvarado previously exercised his "one fair opportunity to seek federal habeas relief from his conviction," *Banister*, 140 S. Ct. at 1702, and his current claims allege defects in the conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Alvardo when he

filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Alvarado therefore presents claims that are successive. And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, considering that Alvarado may have intended to make these filings in state court, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance," *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003), and will allow Alvarado an opportunity to either file a subsequent application for habeas relief in state court or a motion under Section 2244(b)(3) in the Fifth Circuit.

**Recommendation**

The Court should dismiss the construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE